**Sang LEE, Petitioner—Appellant,**

v.

**Anthony LAMARQUE, Respondent—Appellee.**

No. 04–16909.

D.C. No. CV–02–04013–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided June 27, 2005.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Andrew H. Parnes, Esq., Ketchum, ID, for Petitioner–Appellant.

Morris Beatus, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM *

California state prisoner Sang Lee appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm, in part, reverse, in part and remand with instructions to conditionally grant the writ of habeas corpus.[1]

The district court granted the certificate of appealability ("COA") on Lee's constitutional challenge to California Evidence Code § 1108, and we broadened the COA to include a challenge to the jury instructions. California Evidence Code § 1108 withstands Lee's due process, equal protection, and ex post facto challenges. These claims are affirmed.[2]

Lee also contends that California Jury Instructions (CALJIC) §§ 2.50.01 and 2.50.1, as given in his case, violate due process because they impermissibly lower the burden of proof. We agree. Due process requires that the prosecution prove every element of the charged criminal offense beyond a reasonable doubt. See Gibson v. Ortiz, 387 F.3d 812, 820 (9th Cir.2004) (citing In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). In Gibson, we held that the version of CALJIC 2.50.01[3] at issue in this case, violated due process when given in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of this case, we do not repeat them here.

2. We do not reach Lee's uncertified ineffective assistance of counsel challenges.

3. The version of CALJIC 2.50.01 at issue in Gibson and in the present case reads, in pertinent part: "Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case ... If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar

tandem with CALJIC 2.50.1,[4] which instructed that the burden of proof was preponderance of the evidence.

Because the facts here are materially indistinguishable from *Gibson*, Sang Lee is entitled to habeas relief. *See Gibson*, 387 F.3d at 825. We therefore reverse the decision of the district court denying the writ. We remand to the district court for the court to grant a conditional writ of habeas corpus, instructing the State of California that it may either retry Lee within an appropriate period to be determined by the district court, or release him from custody.

AFFIRMED, in part, REVERSED, in part and REMANDED.

type sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused. Unless you are otherwise instructed, you must not consider this evidence for any other purpose."

4. The version of CALJIC 2.50.1 at issue in *Gibson* and the present case, reads: "Within the meaning of the preceding instructions, the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed sexual offenses [and/or domestic violence] other than those for which he is on trial. You must not consider this evidence for any purpose unless you find by a preponderance of the evidence that a defendant committed the other sexual offenses [and/or domestic violence]." The bracketed language appears in *Gibson*, but was not included in the instruction given in the instant case.